Matthias, J.
 

 The relatrix, Margaret O ’Neil, by petition filed in this court, seeks a writ of mandamus requiring the Secretary of State to appoint her as a member of the Board of Elections of Trumbull county for the term commencing March 1, 1940. Issue was made by demurrer to the petition. The facts' essential to determine the legal questions as we view the controversy may be very briefly stated.
 

 In August, 1938, two conflicting county Democratic
 
 *527
 
 central committees effected organization in Trumbull county, each filing the names of its officers and its executive committee with the Board of Elections of Trumbull county. That board in turn certified those lists to the state Democratic executive committee for investigation and decision, which committee determined the controversy in favor of the so-called Marcean committee and thereby recognized and approved that committee as representative of the Democratic party in Trumbull county. Thereafter, in an action brought by the Marcean committee against the county board of elections, the Court of Common Pleas enjoined the Board of Elections from recognizing the rival organization, an appeal from which decision thereafter was dismissed by direction of the Secretary of State.
 

 In June, 1939', the state Democratic executive committee again certified that the Trumbull county Democratic central and executive committees previously recognized by it should be recognized as the rightful county central and executive committees, notice of which certification was served upon the Secretary of State and the Trumbull county board of elections.
 

 The Secretary of State, on January 30,1940, received a written communication signed by Marcean as chairman and Ward as secretary of the Trumbull county democratic executive committee in the form and nature of a recommendation of the relatrix, O’Neil, for appointment as the Democratic member of the board of elections for the ensuing term commencing March 1, 1940. The defendant Secretary of State refused to make such appointment.
 

 The duties and powers of the Secretary of State with reference to appointment of members of county boards of elections are specified by the provisions of Section 4785-9, General Code. That section provides as follows:
 

 “Not
 
 more than sixty day nor
 
 less than fifteen days before the term of outgoing members expires; or within
 
 *528
 
 five days after a vacancy occurs, the county executive committee of the party or parties entitled to the appointment may recommend a qualified elector or electors to the Secretary of State. He shall appoint such elector or electors, unless he shall have reason to believe that any such person would not be a competent member of such board. In such case he shall so state in writing to the chairman of such county executive committee, with the reasons therefor, and such committee may either recommend another elector, or may apply for a writ of mandamus to the Supreme Court of Ohio to compel the Secretary of State to appoint the elector so recommended; and in such action the burden of proof to show the qualifications of the person so recommended shall be on the committee making the recommendation. If no such recommendation is made the Secretary of State shall make the appointment.
 

 “If recommendations are made by more than one fimnmlt.tp.fi, each claiming to be the rightful executive committee, the Secretary of State, before making any such appointment, shall notify the chairman of the state central committee of such political party, which state central committee shall certify which is the rightful committee of such party, and such committee so certified shall be recognized by the Secretary of State. If th§ state central committee fails to make such certification within ten days after the giving of such notice, the Secretary of State shall determine which of the contesting committees is the rightful executive committee, and shall make the appointments as provided in the preceding section.” (Italics ours.)
 

 The contention is made by the relatrix that Sections 4785-61 to 4785-66, General Code, control the organization of party committees and further that, by the amendment of Section 4785-65, General Code, effective April 27, 1939, the provisions of Section 4785-9, General Code, were repealed by necessary implication. It seems necessary only to direct attention to the fact that
 
 *529
 
 Section 4785-9, General Code, and Section 4785-65, General Code, both were amended in House Bill No. 624 passed by the Ninety-third General Assembly and effective April 27, 1939.
 

 While there was but slight amendment to Section 4785-9, General Code, the provisions of Section 4785-65, General Code, were amended by adding the following provision: “Should more than one organized group claim to be the rightful county central or executive committee, each such group shall file a list of its officers', and members as hereinafter provided, and the board of elections with which such lists are filed shall certify same to the state executive committee of the respective party concerned, and the said state executive eommitte shall forthwith determine and certify which committee shall be recognized as the rightful county central or executive committee. ’ ’
 

 Prior to that amendment it is true that no machinery was provided for determining which of two or more contending committees was the lawful committee until it came to the matter of recommending a new member of the board of elections to the Secretary of State. It is significant, however, that in the very same act in which that amendment was made, Section 4785-9, General Code, was retained, the only amendment thereto being that the recommendation of the county executive committee of a person for appointment to the board of elections should be made not more than sixty days before the term of the outgoing member expired.
 

 A conclusion that the law-making body intended the repeal of a statutory provision by retaining it with a slight amendment thereto certainly would be unwarranted.- Though it is conceivable that inconvenience and possible conflict may arise in the application of these provisions, they are entirely reconcilable and both may be enforced.
 

 It is to be observed, however, that Section 4785-9, General Code, requires the Secretary of State to ap
 
 *530
 
 point the elector or electors recommended by the county executive committee of the party entitled to the appointment unless he shall have reason to believe that the person recommended would not be a competent member of the board. It then provides how he shall proceed if recommendations are made by more than one committee, in which case he shall notify the state central committee of the party and this committee within ten days shall certify which is the rightful county committee of the party.
 

 That the relator is qualified to perform the duties of the position is admitted. The only question presented is whether the Secretary of State is by law required to appoint the relator. It does not appear from the petition that any recommendations have been made for this position other than that of the relator. The allegations of the petition that there previously had been rival and contending county committees is immaterial for, under the express provisions of the statute, there is no question or controversy to submit to the state central committee for its decision in the absence of recommendations by conflicting county committees. There is no presumption of the invalidity of the county committee assuming to act. The Secretary of State is not concerned with the affairs of any political party or organization and has no part as such official in the political management or control of any party. He is concerned only in the functions to be performed by them through their duly constituted committees pursuant to the provisions of the statute in relation to the election machinery of the state. The official committee of the party may make certain recommendations in that regard. If there is a'controversy as to which is the committee legally authorized to speak for the party in any county, it must be determined by the state committee of the party designated by .the statute.
 

 However, as we have seen, until and unless it appear that two rival recommendations have been made to the
 
 *531
 
 Secretary of State by adversary county committees, it is tbe duty of the Secretary of State to appoint the person recommended if such person be qualified.
 

 It follows that the demurrer to the amended petition is overruled. It appearing that neither party desires to plead further, a writ of mandamus is allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.