By the Court.
 

 This action in mandamus originat-
 

 ing in this court is submitted upon the petition, answer, an agreed statement of facts, depositions and arguments of counsel. Clarence O. Humker is the relator and Edward J. Hummel, Secretary of State, the respondent.
 

 The petition, filed March 3, 1944, alleges that the relator is the duly elected and acting chairman of the Republican executive committee of Stark county, and has been at all times a qualified elector of that county; that on or about February 7, 1944, at a duly called meeting of such executive committee, a majority of the members voted to recommend the relator to the Secretary of State for appointment as a member of the board of elections of Stark county, which recommendation was made to and filed with the respondent; that such respondent disregarded the recommendation and appointed another person as a member of such board of elections, assigning as the reason that in his
 
 *605
 
 opinion such Stark county executive committee was without legal existence; and that relator’s name was the only name certified to the respondent by anyone and no question was raised as to relator’s competency.
 

 Alleging that the action of the respondent was illegal, relator prays for a writ of mandamus to require respondent to appoint him as a member of the board of elections of Stark county.
 

 For answer, respondent denies relator is the duly elected and acting chairman of the Republican executive committee of Stark county; denies that the executive committee voted to recommend relator as a member of the board of elections or did so recommend him; and denies that respondent ignored or disregarded any action of the Republican executive committee recommending any person to be appointed to the board of elections of Stark county, or that respondent’s action in appointing another as a member of such board of elections was illegal.
 

 It is conceded that the relator would be a qualified, competent member of the board of elections of Stark county. The decisive question in this case is whether the Secretary of State has the right to investigate and determine whether a county executive committee making a recommendation of a person for appointment to a county board of elections was constituted in accordance with law.
 

 Here, following a custom of long standing, the chairman of the Stark County Republican Central Committee, pursuant to a resolution duly adopted by the central committee in regular session (the depositions on file indicating that more than a quorum of the committee was present), selected a group of persons to act as the Republican executive committee of Stark county. Proper notification of such selection was given to the Secretary of State and to the board of elections
 
 *606
 
 of Stark county. At no time has any other group or committee claimed to be the rightful executive committee of such county, or ever attempted to act as such.
 

 So, the only Republican executive committee functioning or attempting to function in Stark county recommended relator for appointment as a member of the board of elections of such county in February of 1944.
 

 Respondent insists that since the group ostensibly functioning as the Republican executive committee was not
 
 elected
 
 in strict conformity with Section 4785-63, General Code, it has no standing or legal existence, and its recommendations are without validity. However, as a practical matter of fact, the committee designated as the executive,.committee was created by authority of the central committee and was universally recognized as the executive committee.
 

 Without entering into am extended discussion of the matter, it is the opinion of a majority of this court that when the committee purporting to act and function as the Republican executive committee of Stark county, being unchallenged by any other group or committee claiming to be the executive committee of that county, recommended relator, admittedly qualified, for appointment as a member of the board of elections of Stark county, it was the duty of the Secretary of State to appoint him, and the Secretary of State went beyond thé proper scope of his authority or duties in making an
 
 ex parte
 
 determination on his own initiative that the recommending committee was illegally established.' See
 
 State, ex rel. Culbert,
 
 v.
 
 Kinney, Secretary of State,
 
 63 Ohio St., 304, 58 N. E., 809;
 
 State, ex rel. O’Neil,
 
 V.
 
 Griffith, Secretary of State,
 
 136 Ohio St., 526, 27 N. E. (2d), 142.
 

 
 *607
 
 The writ of mandamus as prayed for should issue, and it is so ordered.
 

 Writ allowed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Williams, JJ., concur.
 

 Hart, J., not participating.