EMERSON ET AL., APPELLANTS, *v.* SEVILLE ELEVATOR COMPANY ET AL.; OHIO DEPARTMENT OF AGRICULTURE ET AL., APPELLEES.

(No. 1526—Decided April 15, 1987.)

*Walter C. Grosjean,* for appellants.
*John T.H. Batchelder,* for Seville Elevator Co. et al.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Peter D. Patitsas,* for appellee Ohio Department of Agriculture et al.

CACIOPPO, J. Appellants, William Emerson, Edward Kraus and George R. Smith, appeal the order of the trial court denying their eligibility to participate in the Agricultural Commodity Depositors Fund ("fund"). Appellee Ohio Department of Agriculture ("ODA") is responsible for administering the fund.

On May 9, 1985, Old Phoenix Bank filed a complaint for foreclosure against Seville Elevator Company ("Seville"). The trial court determined that Seville was insolvent and appointed a receiver. Seville was an agricultural commodity handler licensed pursuant to R.C. Chapter 926. Appellants had made deposits of various types of grain with Seville. However, an inventory of grain actually stored revealed a substantial shortfall relative to deposits made.

The receiver and the ODA informed the trial court that only grain depositors who deposited grain after July 1, 1983 — the effective date of the statutory amendments creating the fund — would be permitted to participate in the fund. The appellants herein had deposited substantial quantities of grain at Seville prior to July 1, 1983. In response to an ODA proposal, appellants moved the court to order their participation in the fund. The trial court denied their claim and certified its order pursuant to Civ. R. 54(B). We affirm.

### Assignment of Error

"The court of common pleas erred in ruling that appellants, who had deposited grain with the Seville Elevator Co. prior to the effective date of

the amendments to Chapter 926 of the Ohio Revised Code (July 1, 1983), are not 'depositors' within the meaning of Section 926.01(D) of the Ohio Revised Code and thus are ineligible for reimbursement from the Agricultural Commodity Depositors Special Account created by the July 1, 1983 amendments to Chapter 926 and, specifically, to Section 926.16 of the Ohio Revised Code."

The parties have stipulated, by way of an App. R. 9(D) statement of the case, that no facts are at issue. The issue before the court is solely a legal one — the interpretation of the statutory sections in question. R.C. 926.16 (A) recites, in pertinent part, that:

"There is hereby created in the state treasury the agricultural commodity depositors fund. * * * The fund shall consist of a per-bushel fee remitted by licensed handlers under this section, any sums that the director of agriculture may collect by any legal action on behalf of the fund, and any property or securities acquired through the use of moneys in the fund. The moneys collected under this section and deposited in the fund shall be used exclusively to indemnify depositors as provided in section 926.18 of the Revised Code and for no other purpose."

R.C. 926.01(D) recites, in its entirety, that:

" 'Depositor' means:

"(1) Any person who delivers an agricultural commodity to a licensed handler for storage, conditioning, shipment, or sale;

"(2) Any owner or legal holder of a ticket or receipt issued for an agricultural commodity who is a creditor of the licensed handler for the value of the agricultural commodity;

"(3) Any licensed handler storing an agricultural commodity that he owns solely, jointly, or in common with others in a warehouse owned or controlled by him or any other licensed handler."

Appellants assert that they are "depositors" within the meaning of R.C. 926.01(D) and, therefore, are entitled to make demands against the fund. They stress the fact that the definition of "depositor" is not limited by the date on which the grain was placed in storage. The ODA rejects the appellants' assertion, maintaining that R.C. Chapter 926 must be interpreted as a whole. The ODA bases its argument on R.C. 926.18(A) which recites:

"When a depositor has made a demand for settlement of an obligation concerning an agricultural commodity *on which a fee was required to be remitted under section 926.16 of the Revised Code* and the licensed handler has failed to honor the demand, the depositor, after providing the director of agriculture or his authorized representative with evidence of his demand and the dishonoring of his demand, may file a claim with the director for indemnification of his damages, from the agricultural commodity depositors fund, to be measured as follows: * * *" (Emphasis added.)

ODA argues that claimants to the fund may only make a demand against the fund for grain deposits upon which a contribution fee could have been assessed pursuant to R.C. 926.16. Since the appellants' deposits were made prior to the effective date of the fund's creation, and were not subject to the fee required under R.C. 926.16, appellants are precluded from participating in the fund. We are compelled to accept the argument of the ODA under the applicable rules of statutory construction.

"Where two sections of a statute relating to the same subject-matter are amended in the same act, effective at the same time, they are *in pari materia,* and full effect must be given to the provisions of both sections if the same can be reconciled." *State, ex rel. O'Neil,* v. *Griffith* (1940), 136 Ohio St. 526, 17 O.O. 160, 27 N.E. 2d 142, para-

graph one of the syllabus. R.C. 926.01 (D) and 926.18 relate to the same subject matter, were amended in the same Act (Am. Sub. H.B. No. 770; 139 Ohio Laws, Part II, 4396), and became effective at the same time. Thus, the definition of "depositor" must be read *in pari materia* with the requirements for making a claim against the fund. *Griffith, supra.* Any other interpretation would be contrary to the legislative intent behind the Act.

ODA also relies on R.C. 1.48 for its contention that the fund does not protect deposits made prior to July 1, 1983. This statutory rule of construction recites: "A statute is presumed to be prospective in its operation unless expressly made retrospective." We also agree with ODA's argument that this statute precludes a retrospective application of R.C. Chapter 926. Generally, only remedial statutes (those not affecting substantive rights) have been held to be an exception to the prohibition against retrospective application. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 11 O.O. 3d 290, 387 N.E. 2d 231. Funds such as that established by R.C. 926.16 have been held not to be remedial, with the result that the statute is not construed liberally. See *In re Clark* (1983), 8 Ohio Misc. 2d 34, 8 OBR 576, 457 N.E. 2d 965, where the Ohio Court of Claims construed the Ohio Victims of Crime Act to be non-remedial legislation. Thus, R.C. Chapter 926 can only be construed to apply prospectively. Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., concurs.

GEORGE, J., concurs separately.

GEORGE, J., concurring. The majority has reached the right result. However, this case does not present the issue of the retroactive application of R.C. Chapter 926. Rather, it presents the issue of whether these appellants are entitled to make a claim against the Agricultural Commodity Depositors Fund pursuant to R.C. 926.18.

The agricultural commodities for which these depositors seek to be reimbursed were delivered before the legislation was enacted which created the fund. Further, there was no fee paid for the particular commodities lost.

R.C. 926.01(D) defines a "depositor." If there were no other qualifications, that definition alone would qualify these appellants. It is significant, however, that R.C. 926.18 limits eligibility of depositors to those depositors who have paid the required fee on the agricultural commodity which is the subject of the loss. The legislature clearly intended to provide protection only to those depositors who paid the required fee. It would be unjust to allow a depositor who did not contribute to the fund to receive the benefit of it.

While it is disheartening that a loss has occurred, it would not be just to have those who did pay into the fund reimburse those who did not. As to the commodities which were lost here, the appellants are not eligible under R.C. 926.18 and therefore they are not entitled to benefit from the fund.