PAINESVILLE MINI STORAGE, INC., APPELLANT, *v.* CITY OF PAINESVILLE,
APPELLEE.

[Cite as *Painesville Mini Storage, Inc. v. Painesville*,
124 Ohio St.3d 504, 2010-Ohio-920.]

*Appropriation proceedings — Claim of interference with property rights was
barred by statute of limitations — Claimed interference was a one-time
event, not a continuing violation — Court of appeals' denial of writ
affirmed.*

(No. 2009-1616 — Submitted March 9, 2010 — Decided March 16, 2010.)

APPEAL from the Court of Appeals for Lake County,

No. 2008-L-092, 2009-Ohio-3656.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals granting the motion
of appellee, city of Painesville, for judgment on the pleadings and dismissing the
petition of appellant, Painesville Mini Storage, Inc., for a writ of mandamus to
compel the city to commence an appropriation proceeding for its alleged taking of
appellant's property.

**{¶ 2}** Regardless of whether the R.C. 2305.07 six-year statute of
limitations or the R.C. 2305.09(E) four-year statute of limitations applies to
appellant's takings claim, the claim is barred. See *State ex rel. Nickoli v. Erie
MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, ¶ 30; see also
*State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d
998, ¶ 30-31 (a case decided prior to the enactment of R.C. 2305.09(E) in which
the court held that the six-year limitation period of R.C. 2305.07 was appropriate
for mandamus actions brought to compel appropriation proceedings). Appellant
did not raise its takings claim in the underlying mandamus action until June 2008,

more than six years after September 2000, when the city issued to J.B.H. Properties, Inc., the building permit that appellant claims constituted a taking of its private property.

{¶ 3} Finally, the continuous-violation doctrine did not toll the statute of limitations, because the city did not perform any additional challenged actions after it issued the permit. Every event that occurred thereafter "was merely a continuation of the effects of that solitary event rather than the occurrence of new discrete acts." *Nickoli* at ¶ 33; see also *Ohio Midland, Inc. v. Ohio Dept. of Transp.* (C.A.6, 2008), 286 Fed.Appx. 905, 912, 2008 WL 2622665, quoting *Tenenbaum v. Caldera* (C.A.6, 2002), 45 Fed.Appx. 416, 419, 2002 WL 2026347 (" 'the present effects of past [violations]    * * * do not trigger a continuing violations exception' " to the statute of limitations).

{¶ 4} We deny the city's request for oral argument because the parties' briefs are sufficient to resolve this case. *State ex rel. Scioto Downs, Inc. v. Brunner*, 123 Ohio St.3d 24, 2009-Ohio-3761, 913 N.E.2d 967, ¶ 25.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would grant a writ of mandamus.

_____

Paul V. Wolf, for appellant.

Mazanec, Raskin, Ryder & Keller Co., L.P.A., John T. McLandrich, Frank H. Scialdone, and Tami Z. Hannon, for appellee.

_____