[Cite as *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner*, 125 Ohio St.3d 427, 2010-Ohio-1873.]

THE STATE EX REL. LUCAS COUNTY REPUBLICAN PARTY EXECUTIVE
COMMITTEE *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner*, 125 Ohio St.3d 427, 2010-Ohio-1873.]

*Elections — Mandamus — County boards of elections — R.C. 3501.07 — Party's recommendation of new member of county board of elections to secretary of state — R.C. 3517.05 — State party's executive committee has duty to resolve dispute between entities when both claim to be rightful county executive committee — Writ to compel secretary of state to appoint person recommended by one of two competing entities claiming to be county executive committee — Secretary of state lacks authority to appoint recommended appointee when entity making recommendation has not been certified by state central committee as rightful executive committee for county — Secretary of state, in absence of state committee's resolution of dispute or final judicial determination, shall make appointment — Writ denied.*

(No. 2010-0435 — Submitted April 27, 2010 — Decided April 30, 2010.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel respondent, Secretary of State Jennifer Brunner, to appoint Jon Stainbrook to the Lucas County Board of Elections as recommended by relator, one of two competing groups claiming to be the Lucas County Republican Party Executive Committee. Because the secretary of state did not abuse her discretion or clearly

disregard applicable law in rejecting the recommendations of the two competing groups, we deny the writ.

**Facts**

{¶ 2}  On January 9, 2010, the faction that claims to be the Lucas County Republican Party Executive Committee with Jon Stainbrook as its chairperson ("Stainbrook faction") recommended that Secretary of State Brunner appoint Stainbrook to the Lucas County Board of Elections for the four-year term beginning March 1, 2010.  The secretary of state received the recommendation on January 11.

{¶ 3}  On January 15, 2010, the faction with Jeffrey Simpson as its chairperson that also claims to be the Lucas County Republican Party Executive Committee ("Simpson faction") recommended that Secretary of State Brunner appoint David W. Dmytryka to the Lucas County Board of Elections for the same four-year term.  The secretary of state received this recommendation on January 19.

{¶ 4}  By letter dated January 25, the Stainbrook faction requested that the secretary of state respond to certain legal questions concerning the two factions and stated that the secretary could not permit the board of elections to continue acknowledging the Simpson faction as a lawfully organized group.  An elections counsel for the secretary of state replied that the secretary would not give an advisory opinion because R.C. 3517.05 places the duty on the state central committee of the Ohio Republican Party to resolve the dispute between the two rival factions, and the issue was the subject of litigation pending in the Lucas County Court of Common Pleas.  The board of elections had certified to the Ohio Republican Party Central Committee the lists of the officers and members of the rival factions on January 12.

{¶ 5}  On February 18, 2010, in *Gallagher v. Lucas Cty. Bd. of Elections*, Lucas C.P. No. CI-0201001192-00, the Lucas County Court of Common Pleas

held that neither competing group had complied with the applicable requirements of R.C. 3517.04 for organizing and ordered the state central committee to resolve the matter.

{¶ 6} On March 1, the secretary of state rejected both factions' recommended appointees for the board of elections. The secretary of state determined that she was unable to accept either recommendation "[u]ntil either the Lucas County Republican Central and Executive Committee is able to organize according to law, or until one of the factions or some other configuration of members is recognized by either a court or the Ohio Republican Party State Central Committee as the duly organized committee." The secretary of state specified that she took no position on which faction was the rightful committee because by statute, that was the responsibility of the Ohio Republican Party State Central Committee. On that same date, the secretary of state appointed Benjamin F. Marsh to the board of elections for the four-year term beginning that day.

{¶ 7} On March 9, the Stainbrook faction filed this action for a writ of mandamus to compel the secretary of state to appoint Stainbrook to the board of elections and for a writ of prohibition to invalidate the secretary's appointment of Marsh to the board. The Stainbrook faction also requested a peremptory other writ, including an emergency other writ, precluding the appointment of Marsh. A few days later, we granted an alternative writ on the mandamus claim, dismissed the prohibition claim, and denied the requests for an emergency other writ and emergency alternative writ. *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner*, 124 Ohio St.3d 1513, 2010-Ohio-930, 923 N.E.2d 156. The secretary of state filed an answer, and the parties submitted evidence and briefs.

{¶ 8} This cause is now before the court for our consideration of the merits.

**Legal Analysis**

3

**{¶ 9}** The Stainbrook faction requests a writ of mandamus to compel the secretary of state to appoint Stainbrook to the board of elections. "To be entitled to the requested relief, relator[] must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of the secretary of state to provide it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 13. In extraordinary-writ actions challenging a decision of the secretary of state, the standard is whether the secretary engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable law. *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 26. There is no evidence or argument of fraud or corruption here, so the dispositive issue is whether the secretary of state abused her discretion or clearly disregarded applicable law by rejecting the Stainbrook faction's recommended appointee and appointing her own selection.

**{¶ 10}** The Stainbrook faction asserts that the secretary of state abused her discretion and clearly disregarded R.C. 3501.07 by rejecting its recommended appointee, Stainbrook, for the four-year term on the board of elections commencing March 1, 2010. The pertinent portions of the relevant statutes, R.C. 3501.07 and 3517.05, provide:

**{¶ 11}** "At a meeting held not more than sixty nor less than fifteen days before the expiration date of the term of office of a member of the board of elections, or within fifteen days after a vacancy occurs in the board, *the county executive committee of the major political party entitled to the appointment may make and file a recommendation with the secretary of state for the appointment of a qualified elector. The secretary of state shall appoint such elector, unless he has reason to believe that the elector would not be a competent member of such board.* In such cases the secretary of state shall so state in writing to the chairman of such county executive committee, with the reasons therefor, and such

4

committee may either recommend another elector or may apply for a writ of mandamus to the supreme court to compel the secretary of state to appoint the elector so recommended. In such action the burden of proof to show the qualifications of the person so recommended shall be on the committee making the recommendation. *If no such recommendation is made, the secretary of state shall make the appointment*." (Emphasis added.) R.C. 3501.07.

{¶ 12} "All party committees, the selection of which is provided for in sections 3517.02 and 3517.03 of the Revised Code, shall, except as otherwise provided in this section, serve until the date of the organizational meeting provided for in section 3517.04 of the Revised Code. * * *

{¶ 13} "*If more than one organized group claims to be the rightful county central or executive committee, each such group shall file a list of its officers and members as provided in section 3517.06 of the Revised Code, and the board of elections with which such lists are filed shall certify them to the state central committee of the party concerned. The state central committee shall meet within thirty days after receipt of such certification and forthwith determine and certify which committee shall be recognized as the rightful county central or executive committee*." (Emphasis added.) R.C. 3517.05.

{¶ 14} "Our paramount concern in construing statutes is legislative intent." *State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, 918 N.E.2d 135, ¶ 25. "To discern this intent, we must 'read words and phrases in context according to the rules of grammar and common usage.' " *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 14, quoting *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 23. Under the standard for construing statutes in pari materia, statutes relating to the same subject matter must be construed together to give full effect to the provisions. *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 46.

**{¶ 15}** "The statutory framework [governing appointments to county boards of elections] establishes a bipartisan composition of the state's boards of elections, which provides county executive committees of the two major political parties with the right to recommend appointees who shall be appointed by the secretary of state. [Under R.C. 3501.07,] [t]he Secretary may reject the recommended appointee if she has reason to believe that an elector would not be a competent member of the board." *State ex rel. Summit Cty. Republican Party Executive Commt. v. Brunner*, 118 Ohio St.3d 515, 2008-Ohio-2824, 890 N.E.2d 888, ¶ 2.

**{¶ 16}** The Stainbrook faction claims that because its recommended appointee was not rejected for incompetence, the secretary of state had a duty under R.C. 3501.07 to appoint Stainbrook. But this claim ignores R.C. 3517.05, which must be read in pari materia with R.C. 3501.07 in cases where, as here, the secretary of state receives conflicting recommendations from rival organized groups claiming to be the rightful county executive committee of the major political party entitled to the appointment. Upon so construing the statutes, we conclude that the General Assembly manifestly intended that the state central committee of the applicable major political party determine the issue. See R.C. 3517.05. There is nothing in R.C. 3501.07 and 3517.05 that imposes any duty on the secretary of state to make this determination.

**{¶ 17}** We reached a similar conclusion in *State ex rel. O'Neil v. Griffith* (1940), 136 Ohio St. 526, 17 O.O. 160, 27 N.E.2d 142, paragraph two of the syllabus, in which we construed different, predecessor versions of R.C. 3501.07 and 3517.05. We held that "when conflicting recommendations are made by more than one committee, each claiming to be the rightful executive committee, * * * the Secretary of State is authorized and required to call upon the state central committee of such party to determine and certify which is the rightful county executive committee of such party." In *O'Neil*, the applicable version of the

6

predecessor statute to R.C. 3501.07 included the following language, which is no longer in the statute:

{¶ 18} "If recommendations are made by more than one committee, each claiming to be the rightful executive committee, the secretary of state, before making any such appointment, shall notify the chairman of the state central committee of such political party, which state central committee shall certify which is the rightful committee of such party, and such committee so certified shall be recognized by the secretary of state. *If the state central committee fails to make such certification within ten days after the giving of such notice, the Secretary of State shall determine which of the contesting committees is the rightful executive committee, and shall make the appointments as provided in the preceding section*." (Emphasis added.) G.C. 4785-9, 118 Ohio Laws 223.

{¶ 19} This entire paragraph was deleted from the statute in 1941. 119 Ohio Laws 741, 741-742. But the state central committee retains the authority granted in the predecessor to R.C. 3517.05 to determine which of the competing groups shall be recognized as the rightful county executive committee. The secretary of state's authority to make that determination was eliminated long ago. " 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty.' " *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 4, quoting *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. Without any specific authorization for the secretary of state to make this determination and the express imposition of the duty on the state central committee to do so, the Stainbrook faction cannot establish that the secretary owed any duty to resolve the matter when confronted with conflicting recommendations from more than one faction of the Lucas County Republican Party Executive Committee.

**{¶ 20}** We will not adopt the construction advocated by the Stainbrook faction, which would allow the secretary of state to usurp the state central committee's authority to resolve the conflicting claims. Instead, as the Stainbrook faction itself readily acknowledges, "[t]he Secretary of State is not concerned with the affairs of any political party or organization and has no part as such official in the political management or control of any party. [The secretary] is concerned only in the functions to be performed by them through their *duly constituted committees* pursuant to the provisions of the statute in relation to the election machinery of the state." (Emphasis added.) *O'Neil*, 136 Ohio St. at 530, 17 O.O. 160, 27 N.E.2d 142. It was unclear which, if any, of the rival executive committees was duly established at the time the secretary had to appoint a person to the board of elections.

**{¶ 21}** Moreover, when the secretary of state rejected the two competing groups' recommended appointees, the common pleas court had expressly held that neither group had complied with the applicable requirements of R.C. 3517.04 and ordered the state central committee to resolve the matter. Notwithstanding the court order and the board's certification of each group's list of officers and members to the state central committee, there is no evidence that the state central committee resolved the dispute before March 1, when the secretary of state had a duty to appoint a qualifying elector to the board of elections for the four-year term beginning on that date. See R.C. 3501.06.

**{¶ 22}** Therefore, the secretary of state was authorized to select a different person than those recommended by the competing groups, and she exercised this authority by appointing Marsh to the board of elections. See R.C. 3501.07 ("If no such recommendation is made, the secretary of state shall make the appointment"). The conflicting recommendations, which the secretary of state lacked authority to resolve, in effect left the secretary with no viable

recommendation in the absence of either a resolution of the dispute by the state central committee or a final judicial determination.

{¶ 23} Finally, insofar as the Stainbrook faction claims that the secretary of state had a duty to appoint Stainbrook because it is the de facto executive committee of the Lucas County Republican Party, it cites no pertinent authority for this proposition. Instead, it relies primarily on those cases in which the secretary of state was not confronted with conflicting recommendations from competing groups. See *Summit Cty. Republican Party Executive Commt.*, 118 Ohio St.3d 515, 2008-Ohio-2824, 890 N.E.2d 888. At a minimum, the secretary's interpretation of the pertinent provisions – R.C. 3501.07, 3517.05, and 3501.06 – is a reasonable one and is thus entitled to judicial deference. See *State ex rel. Skaggs v. Brunner*, 120 Ohio St.3d 506, 2008-Ohio-6333, 900 N.E.2d 982, ¶ 56, quoting *Colvin*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 57 (" 'The secretary of state's construction is reasonably supported by the pertinent provisions, and in accordance with well-settled precedent, the court must defer to that reasonable interpretation' ").

{¶ 24} Therefore, based on the plain language of the pertinent statutes and the applicable precedent, the secretary of state neither abused her discretion nor clearly disregarded applicable law by denying the Stainbrook faction's recommended appointment of Stainbrook and by appointing Marsh to the board of elections.

## Conclusion

{¶ 25} The Stainbrook faction has not established its entitlement to the requested extraordinary relief in mandamus. Moreover, insofar as it still requests relief in the form of an other writ, this relief is inappropriate, and we have previously denied it. See *State ex rel. Scioto Downs, Inc. v. Brunner*, 123 Ohio St.3d 24, 2009-Ohio-3761, 913 N.E.2d 967, ¶ 24 (denying request for an other writ under R.C. 2503.40 when requested as a substitute for a writ of mandamus);

*Lucas Cty. Republican Party Executive Commt.*, 124 Ohio St.3d 1513, 2010-Ohio-930, 923 N.E.2d 156.  Therefore, we deny the writ.

Writ denied.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, FARMER, O'DONNELL, FRENCH, and CUPP, JJ., concur.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for O'CONNOR, J.

JUDITH L. FRENCH, J., of the Tenth Appellate District, sitting for LANZINGER, J.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

Anthony J. DeGidio; and Ciolek Ltd. and Scott A. Ciolek, for relator.

Richard Cordray, Attorney General, and Aaron D. Epstein, Richard N. Coglianese, Damian W. Sikora, Pearl M. Chin, Erick D. Gale, and Michael J. Schuler, Assistant Attorneys General, for respondent.

_____