[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Scioto Cty. Common Pleas Court,* Slip Opinion No. 2018-Ohio-4696.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4696

THE STATE EX REL. EVANS, APPELLANT, *v.* SCIOTO COUNTY COMMON PLEAS COURT ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Scioto Cty. Common Pleas Court,* Slip Opinion No. 2018-Ohio-4696.]

*Mandamus—Adequate remedy in the ordinary course of the law precludes issuance of a writ of mandamus—Prohibition—Court of common pleas did not patently and unambiguously lack jurisdiction to act in divorce and probate matters—Dismissal of complaint for writs affirmed.*

(No. 2017-0727—Submitted January 23, 2018—Decided November 27, 2018.)

APPEAL from the Court of Appeals for Ross County,

No. 17CA3590.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Fourth District Court of Appeals dismissing the complaint of appellant, William H. Evans Jr., for writs of mandamus and prohibition.

## Background

{¶ 2} In 2017, Evans filed his mandamus and prohibition complaint in the Court of Appeals for Ross County alleging that appellees, the Scioto County Common Pleas Court and its probate, domestic, and general-division judges (collectively, "Scioto County"), unlawfully conveyed to another assets that Evans's deceased father had bequeathed to him. Evans sought an order to prohibit the transfer of real estate by Scioto County, to correct any allegedly unlawful conveyance of real estate, and to compel proceedings to ensure that the real estate and a bequest be given to Evans in accordance with his father's will.

{¶ 3} The court of appeals dismissed Evans's complaint because he had filed it in Ross County, reasoning that "the Court of Appeals for Ross County lacks authority to issue a writ to the common pleas, probate, and domestic relations courts in Scioto County." 4th Dist. Ross No. 17CA3590 (May 12, 2017).

{¶ 4} Evans appealed, and Scioto County responded by filing a motion to dismiss the appeal.

## Legal Analysis

{¶ 5} We affirm the court of appeals' judgment, although we do so for reasons different from those expressed by the court of appeals. *See State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 152 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 1.

### *Mandamus and prohibition*

{¶ 6} To be entitled to a writ of mandamus, Evans must establish, by clear and convincing evidence, a clear legal right to the requested relief, a clear legal duty on the part of Scioto County to provide that relief, and the lack of an adequate

remedy in the ordinary course of the law. *State ex rel. Tucker v. Matia*, 147 Ohio St.3d 418, 2016-Ohio-7450, 66 N.E.3d 730, ¶ 2. For a writ of prohibition to issue, Evans must show that (1) Scioto County has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denial of the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

{¶ 7} Evans is not entitled to a writ of mandamus, because he failed to demonstrate that he lacks an adequate remedy in the ordinary course of the law. He claims that Scioto County erroneously transferred the real estate at issue to his ex-wife during their 2002 divorce proceeding. However, the division of property is reviewable on appeal from a divorce decree, *see Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 15 (divorce decree is final and appealable), and "[a]n appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ," *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8.

{¶ 8} Evans is also not entitled to a writ of prohibition. First, his argument that a writ of prohibition should issue to prevent the transfer of the real estate to anyone but him is inconsistent with his assertion that that property was already transferred to his ex-wife. Second, he could obtain a writ of prohibition only by demonstrating that Scioto County patently and unambiguously lacked jurisdiction over the divorce or probate matters; otherwise, Evans had an adequate remedy by way of appeal. *Bell* at ¶ 19 ("without a patent and unambiguous lack of jurisdiction, a court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal"). Evans does not dispute that a probate court has basic statutory jurisdiction over will contests under R.C. 2101.24(A). Thus, Evans is not entitled to a writ of prohibition on any of his claims.

*Scioto County's motion to dismiss*

**{¶ 9}** As noted above, Scioto County filed a motion to dismiss Evans's appeal, arguing that his complaint was procedurally defective under R.C. 2969.25. But whether Evans complied with the procedural requirements for filing an original action in the court of appeals is not a basis for dismissing his appeal to this court, and we therefore deny Scioto County's motion.

*Evans's motions*

**{¶ 10}** Evans has filed several motions in this appeal. We deny Evans's motion for sanctions for frivolous conduct because although Scioto County's motion to dismiss is without merit, it is not sanctionable. We also deny Evans's request that we consider Scioto County's motion to dismiss as a merit brief.

**{¶ 11}** Evans also filed a motion for a peremptory or alternative writ in which he seeks an order staying a Scioto County probate case instituted upon the death of his stepfather, Howard E. Sanford. We have authority to issue a peremptory or alternative writ only in an original action, which this is not. S.Ct.Prac.R. 12.02 through 12.05. Thus, we deny Evans's motion for a peremptory or alternative writ.

**{¶ 12}** Likewise, we deny Evans's motion for an injunction or other writ. R.C. 2503.40 states that this court "when in session, and on good cause shown, may issue writs of supersedeas in any case, and other writs not specially provided for and not prohibited by law, when necessary to enforce the administration of justice." But we have "never granted an other writ pursuant to R.C. 2503.40 as a substitute for" a writ of prohibition or mandamus. *State ex rel. Parrott v. Brunner*, 117 Ohio St.3d 175, 2008-Ohio-813, 882 N.E.2d 908, ¶ 11; *see also State ex rel. Scioto Downs, Inc. v. Brunner*, 123 Ohio St.3d 24, 2009-Ohio-3761, 913 N.E.2d 967, ¶ 24.

Motions denied
and judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

DEGENARO, J., not participating.

_____

William H. Evans Jr., pro se.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Danielle M. Parker, Assistant Prosecuting Attorney, for appellees.

_____