[Cite as *State ex rel. Neguse v. Franklin Cty. Court of Common Please*, 2019-Ohio-564.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio Mekuira Neguse, | : | |
| Relator, | : | |
| v. | : | No. 17AP-755 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

## D E C I S I O N

### Rendered on February 14, 2019

---

**On brief:** *Mekuria Neguse*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Benjamin D. Humphrey*, for respondent.

### IN MANDAMUS

DORRIAN, J.

{¶ 1}  In this original action, relator, Mekuira Neguse, requests a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to provide him "written Findings of Fact and Conclusions of Law, and Post-Conviction Transcript of Proceeding of the Evidentiary Hearing relative to the dismissal of his Petition for Relief after Judgment filed in Respondent's Court rendered on June 29, 1994."

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommends this court grant respondent's motion to dismiss and dismiss relator's action.

{¶ 3}  No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and relator's request for a writ of mandamus is dismissed.

*Action dismissed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mekuria Neguse, | : | |
| Relator, | : | |
| v. | : | No. 17AP-755 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on May 10, 2018**

*Mekuira Neguse,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Mekuria Neguse, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to provide him with "written Findings of Fact and Conclusions of Law, and Post-Conviction Transcript of Proceeding of the Evidentiary Hearing relative to the dismissal of his Petition for Relief after Judgment filed in Respondent's Court rendered on June 29, 1994."

Findings of Fact:

{¶ 6} 1. Relator is an inmate currently incarcerated at Warren Correctional Institution.

{¶ 7} 2. Relator's first encounter with the Franklin County, Ohio court system occurred in 1989 when he was indicted on a single count of felonious assault with a gun specification and a single count of drug abuse.

{¶ 8} 3. On November 14, 1989, relator entered a plea of guilty to the drug abuse count as charged and to the stipulated lesser-included offense of assault. Relator was sentenced to serve six months on the assault conviction and one and one-half years on the drug abuse conviction. The trial court suspended incarceration in the drug abuse case and placed relator on probation.

{¶ 9} 4. While on probation, in January 1990, relator killed a man, and was ultimately convicted of murder with a gun specification, and having a weapon while under disability. The trial court imposed a sentence of 15 years to life, plus an additional 3 years for the gun specification. Relator's probation in the drug abuse case was revoked and the trial court re-imposed the one and one-half year sentence on that conviction to be served consecutive to the sentence on the murder conviction.

{¶ 10} 5. This court affirmed relator's convictions in *State v. Neguse,* 71 Ohio App.3d 596 (10th Dist.1991).

{¶ 11} 6. Over the next 26 years, relator filed and was denied several postconviction motions pertaining to his drug abuse and assault convictions. As is relevant to the instant mandamus action:

> [I]n 1993, [relator] filed a motion to vacate or set aside judgment asserting his conviction and sentences are void because he was a juvenile (16 years old) at the time of the offenses depriving the common pleas court of jurisdiction, no jurisdictional hearing was conducted, reliance on the bone test was erroneous as he was never examined or a patient of Children's Hospital, and his counsel provided ineffective assistance. [The state] filed a memorandum contra asserting [relator] failed to appeal, and the issues raised by [relator] were barred under the doctrine of res judicata. A hearing on the postconviction motion was held June 29, 1994, and the trial court overruled [relator]'s motion. [Relator] appealed the denial of his postconviction motion, and on April 12, 1995, this court sua sponte dismissed the appeal due to the lack of a timely notice of appeal.
>
> * * *

> On September 7, 1999, [relator] filed a motion for delayed appeal regarding the trial court's denial of his 1993 postconviction motion. This court denied the motion in December 1999. On January 5, 2000, [relator] again filed a notice of appeal of the trial court's denial of postconviction relief. This court sua sponte dismissed the appeal for lack of a timely filed notice of appeal.

*State v. Neguse,* 10th Dist. No. 17AP-449, 2018-Ohio-1163, ¶ 10, 12.

{¶ 12} 7.  Relator has continued to file motions to withdraw his guilty plea and for relief from judgment.

{¶ 13} 8.  In his current mandamus action, relator continues to attack the trial court's denial of his petition for relief from judgment.  Relator asserts that he has asked the court to provide him with findings of fact and conclusions of law and has repeatedly asked for a copy of the transcripts from that proceeding.  Relator asserts that the trial court has not provided him with same.

{¶ 14} 9.  On March 28, 2018, respondent filed a motion to dismiss instanter arguing, in part, that in June 2016, relator filed a similar request in the trial court seeking transcripts from the July 29, 1994 proceedings and findings of fact and conclusions of law. That motion was denied by the trial court on August 14, 2016, the court finding that it had already responded to and provided relator with same.  As such, respondent asserts that the matter is moot.  Further, respondent asserts that relator also requested transcripts of the proceedings in October 1995 and the trial court explained that he had already been provided a copy of the transcript of proceedings.  Further, inasmuch as R.C. 2953.21(A)(2) provides a defendant 365 days from the transmission of the record to file a petition for postconviction relief, relator's current petition is untimely.

{¶ 15} 10.  On April 10, 2018, relator opposed respondent's motion to dismiss. Relator provides the following argument/explanation:

> On or about October 14, 1993, Relator sought Post-Conviction relief in the Franklin County Court of Common Pleas after having been convicted of drug abuse on case no. 89-09-4079, after denying Relator's Post-Conviction Petition in an entry filed June 29, 1994. Relator filed Notice of appeal July 26, 1994, Relator's brief was originally due to be filed on or before October 11, 1994. Relator did not file a brief and the Court of Appeals notified Relator, by letter, that unless a brief was filed on or before November 25, 1994, this Appeal would be

dismissed. Relator did not file a brief, but did file a motion for extension of time to file a brief. See, Ex. #A. The motion was granted and Relator was given additional time until December 9, 1994, to file a brief. Relator, has not filed his brief. Accordingly, the appeal was sua sponte dismiss[ed] for failure of Relator to file a brief. Relator, notified Franklin County Clerk of Court by letter stating that I had a hearing held June 29, 1994, but need to know the Court of Appeals case no. See response from the Clerk of Court September 30, 1994, the Clerk stated in response letter, "your other two cases are not finalized yet with a valid entry." See, Ex. B.

Later on February 3, 1995, the trial court issued a nun[c] pro tunc entry wherein the trial court denied Relator's petition for Post-Conviction and while the entry noted "Finding of Fact and Conclusions of Law" filed, none accompanied the entry.

Now, Relator asserts that this Court's sua sponte dismissal of Relator['s] Appeal in March 3, 1995, case no. 95APA-352, on the grounds of lack of timeliness was error, because this Court should have dismissed Relator's appeal on the grounds that the judgment from which Relator appealed was not a final appealable order, because it lacked Finding of Fact and Conclusions of Law. Relying on *State v. Mapson* (1982) 1 Ohio St.3d 217, wherein the Supreme Court of Ohio held that former R.C. 2953.21(C), mandates that a judgment denying Post-Conviction relief includes Findings of Fact and Conclusion of Law, and that a Judgment entry filed without such findings is incomplete and it thus does not Commence the running of the time period for filing an appeal therefrom," [I]d. [a]t 218.

{¶ 16} In this argument, relator acknowledges that his appeal following the July 29, 1994 hearing was untimely and that he failed to file a brief. However, he asserts that this court erred in dismissing his appeal due to his untimeliness and failure to prosecute and should instead have remanded the matter to the trial court for findings of fact and conclusions of law.

Conclusions of Law:

{¶ 17} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus petition.

{¶ 18} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v.*

*Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 19} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 20} In 1989, relator pled guilty to the drug abuse count and to the stipulated lesser-included offense of assault, was found guilty, and was sentenced to serve six months on the assault conviction, and one and one-half years on the drug abuse conviction. The trial court suspended incarceration in the drug abuse case and placed relator on probation for three years. Relator did not appeal his convictions.

{¶ 21} In 1990, relator was convicted of murder with a gun specification, and having a weapon while under disability, and he was sentenced to serve 15 years to life plus an additional 3 years incarceration for the gun specification. Counsel for relator filed a motion to dismiss in the drug abuse case asserting the trial court lacked jurisdiction because relator had been a juvenile on the date the offense was committed. This was an issue which was originally raised in 1984 when it was ultimately determined that relator was not a juvenile on the date of the offense. The trial court held a hearing, revoked relator's probation on the drug abuse case, and re-imposed the one and one-half year sentence.

{¶ 22} In affirming, this court addressed the issue of the trial court's denial of relator's motion to dismiss ultimately finding that the evidence was sufficient to establish that relator was not a juvenile.

{¶ 23} This is the same issue which relator has repeatedly challenged for nearly 30 years. In arguing now that this court erred in affirming his convictions, the magistrate specifically notes that relator had the opportunity to file an appeal of this court's decision to the Supreme Court of Ohio but did not. Relator continues to take an issue, which was resolved against him, looking for new ways to challenge the original conviction. The magistrate finds this question has been raised and answered by both the trial court and this court and relator is not entitled to a writ of mandamus ordering the trial court to provide him with additional findings of fact and conclusions of law. Further, the issue concerning the transcript has also been addressed numerous times and relator has not demonstrated that he is entitled to a second copy of the transcript at state expense.

{¶ 24} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that he is entitled to a writ of mandamus and this court should grant respondent's motion and dismiss relator's mandamus petition.


/S/ MAGISTRATE
STEPHANIE BISCA


## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).