[Cite as *State ex rel. Neguse v. Crawford*, 2019-Ohio-4950.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mekria Neguse, | : | |
| Relator, | : | |
| v. | : | No. 18AP-526 |
| Judge Dale A. Crawford, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on December 3, 2019

*Mekria Neguse,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

IN PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

NELSON, J.

{¶ 1} "Mekria Neguse," whose name seems to appear on various other court documents as "Mekuria Neguse" and "Mekuira Neguse," filed with this court a "Complaint for Writ of Prohibition" relating to a trial court Nunc Pro Tunc Entry from February 3, 1995 that had denied Mr. Neguse's petition for postconviction relief. That entry, as attached by Mr. Neguse to his complaint here, recited that "[a]fter hearing testimony of witnesses and arguments from the plaintiff and defendant, the Court finds the defendant's claim of ineffective assistance of counsel is without merit."

{¶ 2} Pursuant to Local Rule 13(M)(1) of the Tenth District Court of Appeals and Civil Rule 53, the matter was referred to a magistrate of this court. In the fullness of time, respondent Judge Stephen McIntosh of the Franklin County Common Pleas Court, as the successor to named respondent Judge Dale Crawford, filed a motion to dismiss the complaint as not compliant with the requirements of R.C. 2969.25 and as barred by res

judicata. On January 29, 2019, the magistrate issued a decision recommending that "this court should grant respondent's motion and dismiss relator's complaint." App'x at ¶ 25. Having recited Findings of Fact and Conclusions of Law, the magistrate observed that Mr. Neguse "continues to challenge the court's disposition of his June 29, 1994 motion [for postconviction relief]. The magistrate finds this question has been raised and answered by both the trial court and this court, and relator is not entitled to a writ of prohibition challenging the trial court's determination." *Id.* at ¶ 24.

{¶ 3} With Mr. Neguse not having timely filed any objections to the magistrate's decision, the matter was submitted to this panel on October 8, 2019. Under Civil Rule 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."

{¶ 4} We have reviewed the decision in the context of the record of this case and find no such error of law or other evident defect. Nonetheless, a brief recap may be appropriate.

{¶ 5} This matter does not appear to relate directly to the murder for which Mr. Neguse was convicted in 1990. *See* App'x at ¶ 12; *see also State v. Neguse*, 71 Ohio App.3d 596 (10th Dist.1991). Rather, it relates to his 1989 conviction by plea for drug abuse and assault. *See* App'x at ¶ 19; *State ex rel. Neguse v. Franklin Cty. Court of Common Pleas* (*"SER Neguse"*), 10th Dist. No. 17AP-755, 2019-Ohio-564, ¶ 3.

{¶ 6} Earlier this year, this court dismissed Mr. Neguse's request for a writ of mandamus seeking "written Findings of Fact and Conclusions of Law, and Post-Conviction Transcript of Proceeding of Evidentiary Hearing relative to the dismissal of his Petition for Relief after Judgment filed in Respondent's Court rendered on June 29, 1994." *SER Neguse*, 2019-Ohio-564, at ¶ 5. That decision quoted from another Neguse matter, reciting that "[a] hearing on the postconviction motion was held June 29, 1984, and the trial court overruled [relator's] motion. [Relator] appealed the denial of his postconviction motion, and on April 12, 1995, this court sua sponte dismissed the appeal [as untimely]. * * * On September 7, 1999, [relator] filed a motion for delayed appeal regarding the trial court's denial of his 1993 postconviction motion. This court denied the motion in December 1999. On January 5, 2000, [relator] again filed a notice of appeal of the trial court's denial of his

postconviction relief. This court sua sponte dismissed the appeal" as untimely. *Id.* at ¶ 11, quoting *State v. Neguse*, 10th Dist. No. 17AP-449, 2018-Ohio-1163, ¶ 10, 12.

{¶ 7} We observed that "for nearly 30 years" and in a variety of fashions, Mr. Neguse has challenged his 1989 drug abuse and assault convictions on the ground that the trial court there lacked jurisdiction because he had been a juvenile; that "relator had the opportunity to file an appeal of this court's decision" denying a motion on those grounds as contrary to the evidence, and that he had not done so; and that "this question has been raised and answered by both the trial court and this court and relator is not entitled to a writ of mandamus ordering the trial court to provide him with additional findings of fact and conclusions of law." *SER Neguse*, 2019-Ohio-564, at ¶ 23 (adding that Mr. Neguse had not shown that he was entitled to a second copy of the trial court hearing transcript at state expense). Mr. Neguse did not appeal from this earlier 2019 decision, either.

{¶ 8} In this latest action, Mr. Neguse again seeks a writ, now characterized as a "Writ of Prohibition," to compel the trial court "to make findings of fact and conclusions of law * * *." Complaint at Prayer for Relief. (He does attach an "Affidavit of Prior Civil Actions" that refers to his 2017 mandamus attempt but neglects to provide information relating, for example, to appeal efforts in 17AP-449, 17AP-450, and 17AP-755, or a Supreme Court appeal designated as case number 2018-0714, omissions that would constitute grounds for dismissal pursuant to R.C. 2969.25(A)(2). *Compare State ex rel. McCree v. Ohio Adult Parole Auth.*, 10th Dist. No. 03AP-802, 2004-Ohio-4860, (citations omitted)). A writ of prohibition is designed to stop an unauthorized exercise of judicial or quasi-judicial power that is about to occur. *See, e.g., State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 144-45 (1995); *State ex rel. Roush v. Montgomery*, 10th Dist. No. 17AP-791, 2018-Ohio-2098, ¶ 4, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). It is not designed to provide another avenue for pursuing a writ of mandamus that has already been turned away. Mr. Neguse has not made out the elements required for a writ of prohibition. The magistrate's decision is correct in noting here, too, that Mr. Neguse's challenge "has been raised and answered by both the trial court and this court," and that he "is not entitled to a writ of prohibition challenging the trial court's determination." App'x at ¶ 24.

{¶ 9} With no timely objection to the magistrate's decision having been filed, and because no error of law or other defect is evident on its face, we adopt the findings of fact

and conclusions of law of that decision.  Respondent's motion to dismiss is granted, and relator Neguse's request for a writ of prohibition is dismissed.

*Motion to dismiss granted; action dismissed.*

SADLER and DORRIAN, JJ., concur.

———————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mekria Neguse, | : | |
| Relator, | : | |
| v. | : | No. 18AP-526 |
| Judge Dale A. Crawford, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 29, 2019

*Mekria Neguse,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

IN PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Relator, Mekria Neguse, has filed this original action requesting this court issue a writ of prohibition ordering respondent the Honorable Dale A. Crawford, a judge of the Franklin County Court of Common Pleas, to explain the reasons for the February 3, 1995 nunc pro tunc entry issued without findings of fact and conclusions of law, and ordering respondent to make findings of fact and conclusions of law.

Findings of Fact:

{¶ 11} 1. Relator is an inmate currently incarcerated at Warren Correctional Institution.

{¶ 12} 2. On July 11, 1990, a jury found relator guilty of murder with the specification of having a weapon while under disability.

{¶ 13} 3. This court affirmed relator's conviction in *State v. Neguse,* 71 Ohio App.3d 596 (10th Dist.1991).

{¶ 14} 4. Thereafter, relator filed numerous motions, postconviction petitions, and requests for writs in this court.

{¶ 15} 5. On June 29, 2018, relator filed this complaint regarding the trial court's denial of his petition for postconviction relief filed June 29, 1994.

{¶ 16} 6. Respondent has filed a motion to dismiss and relator has filed a brief.

Conclusions of Law:

{¶ 17} For the reasons that follow, it is this magistrate's decision that this court grant respondent's motion to dismiss.

{¶ 18} Relator filed a similar mandamus action in this court last year. In addressing relator's arguments concerning this same motion and denial by the trial court, the magistrate set out a brief history of the case.

{¶ 19} In the 28 years following his conviction, appellant has filed and was denied several postconviction motions pertaining to his drug abuse and assault convictions. Pertinent to this appeal, in 1993, appellant filed a motion to vacate or set aside judgment asserting his conviction and sentences are void because he was a juvenile (16 years old) at the time of the offenses depriving the common pleas court of jurisdiction, no jurisdictional hearing was conducted, reliance on the bone test was erroneous as he was never examined or a patient of Children's Hospital, and his counsel provided ineffective assistance. Appellee filed a memorandum contra asserting appellant failed to appeal, and the issues raised by appellant were barred under the doctrine of res judicata. A hearing on the postconviction motion was held June 29, 1994, and the trial court overruled appellant's motion. Appellant appealed the denial of his postconviction motion, and on April 12, 1995, this court sua sponte dismissed the appeal due to the lack of a timely notice of appeal.

{¶ 20} On September 7, 1999, appellant filed a motion for delayed appeal regarding the trial court's denial of his 1993 postconviction motion. This court denied the motion in December 1999. On January 5, 2000, appellant again filed a notice of appeal of the trial court's denial of postconviction relief. This court sua sponte dismissed the appeal for lack of a timely filed notice of appeal.

{¶ 21} In 1989, relator pled guilty to the drug abuse count and to the stipulated lesser-included offense of assault, was found guilty, and was sentenced to serve six months on the assault conviction, and one and one-half years on the drug abuse conviction. The trial court suspended incarceration in the drug abuse case and placed relator on probation for three years. Relator did not appeal his convictions.

{¶ 22} In 1990, relator was convicted of murder with a gun specification, and having a weapon while under disability, and he was sentenced to serve 15 years to life plus an additional 3 years incarceration for the gun specification. Counsel for relator filed a motion to dismiss in the drug abuse case asserting the trial court lacked jurisdiction because relator had been a juvenile on the date the offense was committed. This was an issue which was originally raised in 1984 when it was ultimately determined that relator was not a juvenile on the date of the offense. The trial court held a hearing, revoked relator's probation on the drug abuse case, and re-imposed the one and one-half year sentence.

{¶ 23} In affirming, this court addressed the issue of the trial court's denial of relator's motion to dismiss ultimately finding that the evidence was sufficient to establish that relator was not a juvenile. *See State v. Neguse,* 10th Dist. No. 17AP-449, 2018-Ohio-1163.

{¶ 24} Relator continues to take an issue, which was resolved against him, looking for new ways to challenge the original conviction. Relator continues to challenge the court's disposition of his June 29, 1994 motion. The magistrate finds this question has been raised and answered by both the trial court and this court, and relator is not entitled to a writ of prohibition challenging the trial court's determination.

{¶ 25} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated he is entitled to a writ of prohibition, and this court should grant respondent's motion and dismiss relator's complaint.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).