[Cite as *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-594.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani E. Ware, | : | |
| Relator, | : | |
| v. | : | No. 19AP-511 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 20, 2020

**On brief:** *Kimani E. Ware,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *Zachary S. O'Driscoll,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BRUNNER, J.

## I. INTRODUCTION AND POSTURE

{¶ 1} Relator, Kimani E. Ware, filed this original action against the Ohio Department of Rehabilitation and Correction ("ODRC") on August 5, 2019, requesting that this Court order ODRC to respond appropriately to Ware's public record requests (which ODRC had allegedly ignored or partially ignored) and award costs and statutory damages. (Aug. 5, 2019 Compl. at ¶ 4-9, 14-16.) On September 17, 2019, ODRC filed a motion to dismiss alleging that Ware had failed to fully comply with the requirements of R.C. 2969.25(A) because, although he filed an affidavit listing cases he had brought in the past five years, he failed to describe the nature of those cases. (Sept. 17, 2019 Mot. to Dismiss at 8-9.) Ware responded on October 1, 2019, asserting that he had complied with R.C.

2969.25. (Oct. 1, 2019 Resp. at 3-4.) ODRC replied, pointing out that while Ware had identified the *kinds* of cases he had brought in the past (*e.g.*, civil actions) he had not described the *nature* of those actions. (Oct. 8, 2019 Reply at 5-6.)

{¶ 2} One month later, on November 7, 2019, a magistrate of this Court recommended we dismiss Ware's action on the grounds that Ware had failed to fully comply with R.C. 2969.25 because, for several of the cases Ware listed in his affidavit, he failed to describe the nature of the action. (App'x at 8-10.) Ware filed timely objections on November 18, 2019, arguing that the magistrate had failed to follow the required standards for dismissal on the merits and had failed to appreciate that Ware's R.C. 2969.25 affidavit met the requirements of R.C. 2969.25. (Nov. 18, 2019 Objs. at 2-3.) ODRC filed a response to the objections on November 29, 2019, arguing that, as the case was not dismissed on the merits, no merits analysis needed to be followed and that Ware's R.C. 2969.25 affidavit was not sufficient. (Nov. 29, 2019 Resp. in passim.)

{¶ 3} According to Civ.R. 53(D)(4)(d) governing actions held before magistrates, we now "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Because we find that he has done so in this case, we adopt the decision of the magistrate and dismiss.

## II. DISCUSSION

### A. Third Objection

{¶ 4} Ware argues in his third objection to the magistrate's decision:

> The Magistrate errored [sic] and abused his discretion as a matter of law, when he refused and failed to accept Relator's proper Affidavit of prior Civil actions, as proper and sufficient under R.C. 2969.25(A).

The magistrate found, and we agree pursuant to binding precedent, that Ware's affidavit was insufficient.

{¶ 5} R.C. 2969.25(A) includes these requirements:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The

affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

The law requires strict compliance with this statute; otherwise, the case is subject to dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6; *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3-4. We apply this standard in reviewing the legal conclusions of the magistrate.

{¶ 6} Ware states in his affidavit:

I filed an civil action in the ohio court of claims case no.2017-00545JD, Kimani Ware, Plaintiff v. Ohio Department of rehab. and corr., Defendant,*injury case*. outcome : judgment in favor of plaintiff.

I filed an civil action in the supreme court of ohio case no.2018-1013,Kimani Ware, Relator, v. Gary C. Mohr, Respondent(original action) outcome: case dismissed. (Original Action).

I filed an civil action in the ohio court of claims case no. 2018-00502pq,Kimani Ware, Requester v. Akron Police Department, Respondent,(*public records complaint*) outcome: judgment in favor of requester.

I filed an civil action in the supreme court of ohio case no.2018-1012,Kimani Ware, Relator, v. Montgomery co. clerk of courts,Respondent, outcome: case dismissed. (Original Action).

I filed an civil action in the ohio court of claims case no.2018-01386pq,Kimani Ware, Requester, v. Mansfiled corr. inst., Respondent(*public records complaint*) outcome: judgment in favor of requester.

I filed an civil action in the fifth district court of appeals case no.2019CA00003, Kimani Ware, Relator v. Giavasis, p. Louis, Respondent(original action) outcome: judgment in favor of respondent, appeal pending in the supreme court of ohio case19-0824.

I filed an civil action in the ninth district court of appeals case no.Ca-29344, Kimani Ware,Relator v. Sherri Bevan Walsh et al., respondent(original action) outcome: favor in of respondent, appeal pending in the supereme court of ohio case no.2019-0072.

I filed an civil in the tenth district court of appeals case no. 19AP161,Kimani Ware, Relator, v. Mike Dewine Governor,respondent(original action) outcome: pending

I filed an civil in the fifth district court of appeals case no.2019CA00079,Kimani Ware, Relator v. John D Ferrero et al. outcome: pending. (original action).

No civil action filed by me mentioned above were never deemed by any court as frivolous or malicious.

(Emphasis added and sic passim.) (July 22, 2019, Ware Aff. of Prior Civil Actions, attached to Aug. 5, 2019 Compl.)  We used italicized type above where Ware indicated in his R.C. 2969.25 statement what is minimally the "nature of the civil action or appeal."  R.C. 2969.25(A)(1).  Ware's affidavit does not strictly comply with the requirements of R.C. 2969.25 in describing each of the actions he has previously filed, and this warrants dismissal.  *See, e.g.*, *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, ¶ 2 (finding a prisoner had not described the " 'nature of the civil action or appeal' " when he merely averred that it was an appeal of a " 'civil petition' ").

## B.  First and Second Objections

{¶ 7}    Ware asserts that:

The Magistrate errored [sic] when he failed to consider and/or presume the truthfulness of Relator's complaint for a writ of mandamus and affidavit filed with the complaint with the attached exhibits.

* * *

> The Magistrate errored [sic] when he failed to follow the three mandatory steps before granting respondent [sic] motion to dismiss.

Ware essentially argues that the magistrate should have assumed the truth of his allegations and considered the merits according to the standard applied when considering a motion to dismiss under Civ.R. 12(B)(6). *See, e.g., State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992); *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991); *One Energy Ents., LLC v. Ohio Dept. of Transp.*, 10th Dist. No. 17AP-829, 2019-Ohio-359, ¶ 71.

{¶ 8} But ODRC did not move for dismissal for failure to state a claim on which relief could be granted. Rather, ODRC moved to dismiss for failing to meet the statutory requirements for this Court to take jurisdiction over his claims. (Sept. 17, 2019 Mot. to Dismiss at 8-9.) Dismissal is appropriate because of this, and there is no need to review Ware's complaint on its merits. Accordingly and being based on arguments of substantive merit, Ware's first and second objections are overruled and considered no further.

## III. CONCLUSION

{¶ 9} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including its findings of fact and conclusions of law contained herein. On review of the magistrate's decision and an independent review of the record and the applicable law, we overrule Ware's objections and grant ODRC's motion to dismiss. Ware's petition for writ of mandamus is hereby dismissed.

*Objections overruled;*
*motion to dismiss granted;*
*petition for writ of mandamus dismissed.*

DORRIAN and NELSON, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Kimani E. Ware,                    :

      Relator,                                     :

v.                                               :                    No.  19AP-511

Ohio Department of Rehabilitation               :                    (REGULAR CALENDAR)
and Correction,
                                                 :
      Respondent.
                                                 :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 7, 2019

---

*Kimani E. Ware,* pro se.

*Dave Yost,* Attorney General, and *Zachary S. O'Driscoll,* for
respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Relator, Kimani E. Ware, an inmate at Trumbull Correctional Institution, filed this original action requesting this court issue a writ of mandamus ordering respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to three public records requests made by relator pursuant to Ohio's Public Records Act, codified at R.C. 149.43.

Findings of Fact:

{¶ 11} 1.  Relator filed his complaint in mandamus on August 5, 2019.

{¶ 12} 2.  Relator's complaint alleges he is an inmate at Trumbull Correctional Institution located in Leavittsburg, Ohio, and is therefore in the custody of ODRC.

{¶ 13} 3. The complaint alleges ODRC is a public office as defined in R.C. 149.11(A), the definitional section of R.C. Chapter 149, with custody of certain public records.

{¶ 14} 4. The complaint alleges relator made three public records requests on February 5, May 6, and May 29, 2019, and that respondent has failed to provide any response to the first two and furnished only a partial response to the third.

{¶ 15} 5. The complaint requests a writ of mandamus compelling complete responses to relator's public records requests, and an award of statutory damages pursuant to R.C. 149.43(C)(2) for unreasonable delay in responding to a public records request.

{¶ 16} 6. Appended to the complaint is an affidavit of civil actions, as required of inmate litigants by R.C. 2969.25(A). The affidavit states as follows:

AFFIDAVIT OF PRIOR CIVIL ACTIONS

I filed an civil action in the ohio court of claims case no. 2017-00545JD, Kimani Ware, Plaintiff v. Ohio Department of rehab. and corr., Defendant, injury case. Outcome : judgment in favor of plaintiff.

I filed an civil action in the supreme court of ohio case no. 2018-1013, Kimani Ware, Relator, v. Gary C. Mhor, Respondent (original action) outcome: case dismissed.

I filed an civil action in the ohio court of claims case no. 2018-00502pq, Kimani Ware, Requester v. Akron Police Department, Respondent, (public records complaint) outcome: judgment in favor of requester.

I filed an civil action in the supreme court of ohio case no. 2018-1012 Kimani Ware, Relator, v. Montgomery co. clerk of courts, Respondent, outcome: case dismissed.

I filed an civil action in the Ohio court of claims case no. 2018-01386pq, Kimani Ware, Requester, v. Mansfiled corr. inst., Respondent (public records complaint) outcome: judgment in favor of requester.

I filed an civil action in the fifth district court of appeals case no. 2019CA00003, Kimani Ware, Relator v. Giavasis, p. Louis, Respondent (original action) outcome: judgment in favor of respondent, appeal pending in the supreme court of ohio case 19-0824.

> I filed an civil action in the ninth district court of appeals case no. Ca-29344, Kimani Ware, Relator v. Sherri Bevan Walsh et al., respondent (original action) outcome: favor in of respondent, appeal pending in the supereme court of ohio case no. 2019-0772.
>
> I filed an civil in the tenth district court of appeals case no. 19AP161, Kimani Ware, Relator, v. Mike Dewine Governor, respondent (original action) outcome: pending
>
> I filed an civil in the fifth district court of appeals case no. 2019CA00079, Kimani Ware, Relator v. John D Ferrero et al. outcome: pending. (original action).
>
> No civil action filed by me mentioned above were never deemed by any court as frivolous or malicious.

(Sic passim.)

{¶ 17} 7. Respondent filed its motion to dismiss this action on September 17, 2019 alleging that relator had failed to fully comply with R.C. 2969.25(A).

{¶ 18} 8. Relator filed his memorandum in opposition to the motion to dismiss on October 1, 2019.

{¶ 19} 9. Respondent filed its reply in support of dismissal on October 8, 2019.

Discussion and Conclusions of Law:

{¶ 20} The sole question before the magistrate at this stage of the action is whether relator has complied with the mandatory provisions of R.C. 2969.25 in the form and substance of his affidavit listing prior civil actions. As such, the magistrate does not consider the legal standard for an action in mandamus, or the terms of Ohio's Public Records Act.

{¶ 21} Inmates bringing a civil action against government agencies or employees must comply with the mandatory filing requirements of R.C. 2969.25, which requires inmates to file at the commencement of the action an affidavit listing and describing each civil action filed by the inmate in the previous five years in any state or federal court. R.C. 2969.25(A)(1) through (4) require the following particulars:

> (1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 22} The Supreme Court of Ohio has made clear that the requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's civil action to dismissal. *State ex rel. Manns v. Henson,* 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5. R.C. 2969.25 applies to mandamus actions seeking a writ enforcing the relator's rights to public records pursuant to R.C. 149.43. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 10AP-332, 2011-Ohio-5401.

{¶ 23} The magistrate concludes relator's filing of an affidavit of prior civil actions in this action does not comply with the requirements of R.C. 2969.25(A).

{¶ 24} As set forth above, the affidavit filed in this action does provide case numbers and parties for each case. Relator also provides an outcome, including pending actions, for each case, and specifies whether the case has proceeded to further appeal. The list in the affidavit therefore complies with R.C. 2969.25(A)(2) through (4).

{¶ 25} The affidavit, however, does not comply with R.C. 2969.25(A)(1) because it does not contain "a brief description of the nature of the civil action or appeal" for each listed item. For some of his prior actions, relator only specifies that these are civil actions and, in some cases, original actions. For the first listed action, relator specifies that this is a "injury case." For the third and fifth actions listed, relator specifies that these were "public records complaint[s]." For the remaining six cases, however, relator provides no description of the nature of the action. R.C. 2969.25(A)(1) clearly requires more.

{¶ 26} The magistrate therefore decides that relator's affidavit of prior civil actions does not comply with statutory requirements, and the present motion to dismiss by respondent is well taken.  It is the magistrate's decision that this court should grant the motion to dismiss relator's mandamus complaint for his failure to comply with R.C. 2969.25(A)(1).


/S/ MAGISTRATE
MARTIN L. DAVIS


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).