[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neguse v. McIntosh*, Slip Opinion No. 2020-Ohio-3533.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3533

THE STATE EX REL. NEGUSE, APPELLANT, *v.* MCINTOSH,[1] JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neguse v. McIntosh*, Slip Opinion No. 2020-Ohio-3533.]

*Prohibition—Inmate's affidavit listing prior civil actions failed to comply with R.C. 2969.25(A)—Court of appeals' dismissal of writ affirmed.*

(No. 2019-1772—Submitted April 28, 2020—Decided July 2, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 18AP-526, 2019-Ohio-4950.

_____

**Per Curiam.**

{¶ 1} Appellant, Mekria Neguse, a prison inmate, seeks a writ of prohibition to invalidate a 1995 nunc pro tunc order in which then Judge Dale A. Crawford of the Franklin County Court of Common Pleas denied his petition for postconviction

_____

1. The court of appeals noted that appellee, Judge Stephen L. McIntosh, "as the successor to named respondent Judge Dale Crawford," had filed a motion to dismiss.  2019-Ohio-4950, ¶ 2.  In accordance with S.Ct.Prac.R. 4.06(B), we make the substitution.

relief. On appeal, the Tenth District Court of Appeals dismissed the cause for failure to state a claim. We affirm the Tenth District's judgment, although on different grounds.

**FACTS**

{¶ 2} Neguse is serving prison sentences for a 1990 murder conviction that was entered on a jury verdict and 1989 convictions for drug abuse and assault that were entered on guilty pleas. In October 1993, Neguse filed a petition for postconviction relief from his 1989 convictions. Judge Crawford held a hearing and denied the motion in June 1994. In February 1995, Judge Crawford issued a nunc pro tunc entry restating his denial of postconviction relief. It is not clear why a nunc pro tunc entry was necessary.

{¶ 3} Since then, Neguse has repeatedly challenged his 1989 convictions, both by filing new motions in the criminal case and by attempting to reopen proceedings on his 1993 postconviction petition. Neguse's ongoing efforts include a recent attempt to withdraw his 1989 guilty pleas. *See State v. Neguse*, 10th Dist. Franklin Nos. 17AP-449 and 17AP-450, 2018-Ohio-1163. And the present case is at least the third attempt to obtain a writ to reopen the postconviction petition he filed in 1993. *See State ex rel. Neguse v. Crawford*, 10th Dist. Franklin No. 06AP-389, 2007-Ohio-1168 (denial of writ of procedendo sought to require Judge Crawford to issue findings and conclusions in support of his denial of postconviction relief in 1994), *aff'd sub nom. State ex rel. Neguse v. McIntosh*, 115 Ohio St.3d 216, 2007-Ohio-4788, 874 N.E.3d 772; *State ex rel. Neguse v. Franklin Cty. Court of Common Pleas*, 10th Dist. Franklin No. 17AP-755, 2019-Ohio-564 (dismissing similar mandamus action).

{¶ 4} In June 2018, Neguse filed his current complaint in the Tenth District, seeking a writ of prohibition to invalidate the 1995 nunc pro tunc order. The complaint asserts that Judge Crawford never filed an original judgment entry finalizing the denial of the postconviction petition in 1994 and that the 1995 nunc

pro tunc order is "contrary to law and prohibited under Civ.R. 58(A), Civ.R. 60(A), Civ.R. 52, and Local Rule 25.02."

{¶ 5} The court of appeals referred the case to a magistrate, and appellee, Judge Stephen L. McIntosh, Judge Crawford's successor, filed a motion to dismiss. The motion invoked res judicata and Neguse's failure to strictly comply with R.C. 2969.25(A), which requires that an inmate suing a government entity or employee submit a detailed affidavit describing all prior civil actions and appeals filed in the preceding five years. Neguse filed a response to the motion.

{¶ 6} In January 2019, the magistrate issued a decision recommending dismissal of the action on res judicata grounds without using that term. After reciting the history of Neguse's motions pertaining to his postconviction petition, the decision states that Neguse "continues to challenge" the trial court's denial of his 1994 postconviction petition. 2019-Ohio-4950, ¶ 24. The magistrate found that "this question has been raised and answered by both the trial court and this court." *Id.*

{¶ 7} Neguse filed no objections to the magistrate's decision. In December 2019, the Tenth District adopted the magistrate's decision and dismissed the action. *Id.* at ¶ 9. Neguse appealed to this court as of right.

## ANALYSIS

{¶ 8} "Dismissal of [a] prohibition complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶ 9} Pursuant to Civ.R. 53(D)(3)(b)(iv), Neguse's failure to object to the magistrate's decision bars him from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate. Accordingly,

we limit our review to plain error. *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 354, 2019-Ohio-933, 126 N.E.3d 1122, ¶ 5.

{¶ 10} Recently, we stated that the dismissal on grounds of res judicata of a mandamus action for failure to state a claim is error because res judicata is an affirmative defense that may not be raised in a motion to dismiss. *State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586, ¶ 6, citing Civ.R. 8(C). However, this court will not reverse a correct judgment merely because erroneous reasons were given for it. *Id.* In this case, we affirm the Tenth District's judgment but for different reasons. *See, e.g.*, *State ex rel. Evans v. Scioto Cty. Common Pleas Court*, 155 Ohio St.3d 41, 2018-Ohio-4696, 118 N.E.3d 249, ¶ 5.

{¶ 11} Neguse's complaint was correctly dismissed because his affidavit did not comply with R.C. 2969.25(A). R.C. 2969.25(A) requires an inmate who commences a civil action or appeal against a government entity or employee to file, at the time the action or appeal is commenced, "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include all of the following for each prior action or appeal:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal; and

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court * * *.

4

{¶ 12} The affidavit Neguse filed with his prohibition complaint does not satisfy the statutory requirements. Although it refers to the mandamus action that the Tenth District dismissed in 2019, *see State ex rel. Neguse*, 2019-Ohio-564, it does not include the case number, the nature of the case, the disposition, or the fact that Neguse pursued an interlocutory appeal to this court that was dismissed for failure to prosecute, *see* 153 Ohio St.3d 1444, 2018-Ohio-2897, 102 N.E.3d 501. Neguse's failure to file an affidavit that strictly complies with R.C. 2969.25(A) is a sufficient ground for dismissal. *See*, *e.g.*, *Robinson v. Fender*, ___ Ohio St.3d ___, 2020-Ohio-458, ___ N.E.3d ___, ¶ 6 (affidavit reciting that claimant could not remember the prior civil actions he had filed did not comply with the statute and was grounds for dismissal); *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6-7 (omission of one case from the affidavit's list of prior civil actions constituted a failure to comply with the statute, justifying dismissal); *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-511, 2020-Ohio-594, ¶ 4-6 (cause dismissed even though the relator had filed an affidavit extensively reciting his prior civil actions, because the affidavit failed to set forth the nature of each case).

{¶ 13} In any event, Neguse's complaint fails to state a claim for relief because he had an adequate remedy at law by appeal from Judge Crawford's denial of his petition for postconviction relief.

{¶ 14} To establish entitlement to a writ of prohibition, Neguse had the burden to plead—and ultimately prove—that (1) Judge Crawford exercised judicial power in connection with the petition for postconviction relief, (2) the judge's exercise of judicial power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16.

**{¶ 15}** Neguse cannot establish the lack of an adequate remedy in the ordinary course of the law: his remedy for any alleged error on Judge Crawford's part was to appeal the judge's 1994 judgment entry. The gravamen of Neguse's complaint lies in his attempt, by invalidating the nunc pro tunc order, to reset the clock so that he may renew his contentions that he is entitled to postconviction relief on the merits. His prayer for relief makes this purpose explicit by requesting that Judge Crawford be ordered to "make findings of fact and conclusions of law," which Neguse would then contest. But a direct appeal 26 years ago was the avenue for advancing that challenge.

**{¶ 16}** Neguse's complaint suggests that he had no opportunity to appeal because Judge Crawford "without reason never filed a judgment entry denying the petition for post-conviction relief after June 29, 1994." (Emphasis deleted.) This contradicts the complaint's admission that the judge issued the 1995 nunc pro tunc order, which explicitly denies the postconviction petition. Neguse fails to explain why, even if no earlier dispositive order had been entered, he could not have appealed from the nunc pro tunc order itself.

**{¶ 17}** Moreover, the previous decisions of the Tenth District establish that there was a June 1994 judgment entry from which Neguse could have appealed. In denying Neguse's 2007 request for a writ of prohibition, the Tenth District noted that "the trial court denied [Neguse's] petition for postconviction relief *in an entry filed on June 29, 1994*." (Emphasis added.) *State ex rel. Neguse*, 2007-Ohio-1168, at ¶ 7. And in affirming the trial court's rejection of Neguse's attempt to withdraw the guilty pleas leading to the 1989 convictions, the Tenth District similarly referred to the disposition of Neguse's 1993 postconviction petition and stated that Neguse's attempted appeal from Judge Crawford's 1994 denial of his postconviction petition was dismissed by the court of appeals in April 1995. *See Neguse*, 2018-Ohio-1163, at ¶ 10. Indeed, in his recent mandamus case, Neguse himself acknowledged that after Judge Crawford "den[ied] [Neguse's] Post-Conviction Petition in an entry

6

filed June 29, 1994," Neguse "filed [a] Notice of appeal July 26, 1994," which the court of appeals later dismissed because of Neguse's "failure * * * to file a brief," *State ex rel. Neguse*, 2019-Ohio-564, at ¶ 15.

{¶ 18} When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief. In *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 661 N.E.2d 170 (1996), we affirmed the court of appeals' dismissal of a prohibition complaint and thereby approved of the court of appeals' taking notice of whether a particular issue had been presented and resolved in earlier appeals relating to the underlying litigation. And in *Klick v. Snavely*, 119 Ohio St. 308, 309-310, 164 N.E. 233 (1928), we dismissed a quo warranto petition by taking notice of the record of a parallel mandamus case involving the same parties; in doing so, we determined that a central allegation of the quo warranto petition was not true, and on that basis, we granted the motion to dismiss. Here, we may take notice that Neguse's complaint misstates the record of the postconviction proceedings.

{¶ 19} Accordingly, Neguse possessed an adequate remedy at law by appeal in 1994 or in 1995 from the judgments denying his petition for postconviction relief.

## CONCLUSION

{¶ 20} For the foregoing reasons, we affirm the judgment of the court of appeals dismissing Neguse's prohibition complaint, albeit on different grounds.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, and STEWART, JJ., concur.

KENNEDY, DEWINE, and DONNELLY, JJ., concur in judgment only.

_____

Mekria Neguse, pro se.

_____